Louis Puesan
4395 Broadway Apt 4B
New York, NY 10040
Main (212) 537-6211
Fax (212) 568-1164

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

TIME WARNER CABLE OF
NEW YORK CITY, A DIVISION OF
TIME WARNER ENTERTAINMENT
COMPANY, L.P.

                Plaintiff,

V.

LOUIS PUESAN,

                Defendant.

-----------------------------------------------------------X

Case No. 10-15609 (REG)
11 - 1266
Chapter 7

Hon. Judge Robert E. Gerber

DEFENDANT REPLAY TO
PLAINTIFF
TIME WARNER CABLE

## ANSWER

Defendant (Debtor) LOUIS PUESAN, replying to the Plaintiff TIME WARNER CABLE by its attorney, Kauff McGuire LLP, as and for my answer to the complaint, hereby alleges against me.

## NATURE OF ACTION

1. I Louis Puesan bring this adversary proceeding to allow my discharge of any debts to Time Warner Cable based on following:

## STATEMENT OF FACTS

### My Background

2. From 1987 through February 18, 2008 I was employed by TWCNYC in various positions:

### *From 1987 to 1991:*

I was assigned to Converter Control Dept. my duties was clean, check, and update converters for the field, I designed a new page for the converter and I received a honor letter from the president of Paragon Cable.

### *From 1991 to 1992:*

I was assigned to Installation Dept. to begin my trained as technician, performance installation, trouble shooting etc....

### *From 1992 to 2002:*

I was assigned to Service Dept. to performance trouble shooting:

### *In 2003:*

I was assigned to Dispatch Dept.

## *From 2003 to 2007:*

I was assigned back to Service Dept. performance Repeat Calls as Tech 5, performance most of my repeat call with foremen, TWCNYC received a lot of compliment letters about my work and TWCNYC never recognize but TWCNYC recognized other Technicians with lower level by award them with gifts.

In 1998 I completed a course for "Enhanced CATV Technician Course I"

In 2001 I completed a course for "A+ Hardware Technician" and graduated in October 2002

In 2004 I completed a course for "Advanced Technician"

In 2005 I completed a course for "Fiber"

In 2007 I completed a course for "VOIP Installation and Repair" (telephone)

## As and for the Employee's Obligations
## Under TWCNYC's Handbook
## And
## Standards of Business Conduct

3. All Employee of TWCNYC agreed to certain terms and conditions of employment set forth in TWCNYC's Employee Handbook and Standards of Business Conduct, however employees "General Foremen, Foremen, Supervisor, Technician, Security, Managers" never follows or enforce any rules from the Handbook agreement, even they "General Foremen, Supervisor, Managers" send me to do inappropriate things (Personal) but I was follow order.

4. **As and for the Employee Handbook prohibits:**

(a) During my days off with TWCNYC I was called many times by my Supervisors to come in, by phone or in vacation to answer question about a job without getting pay or sign in.

(b) I never stolen or unauthorized use, or destructed any company, employee... property.

(c) I never provide or assistant in any way which would enable anyone to obtain free service from me by using any technology from TWCNYC.

5. I always protect and safeguard the confidentiality in any communications and information, computer system.

6. I never attempt to compromise the security system for computer and communications in any way.

7. I always protect the company computer by prevent or caution in download files.

8. I never attempt to gain access to any e-mail, voice mail, or other electronic files of other users.

9. I (Defendant) deny the allegations contained in paragraph 20, of the Plaintiff Time Warner Cable Complaint.

10. I (Defendant) deny the allegations contained in paragraph 21, of the Plaintiff Time Warner Cable Complaint.

11. I (Defendant) deny the allegations contained in paragraph 22, of the Plaintiff Time Warner Cable Complaint.

12. I (Defendant) deny the allegations contained in paragraph 23, of the Plaintiff Time Warner Cable Complaint.

13. I (Defendant) deny the allegations contained in paragraph 24, of the Plaintiff Time Warner Cable Complaint.

14. I (Defendant) deny the allegations contained in paragraph 25, of the Plaintiff Time Warner Cable Complaint.

15. I (Defendant) deny the allegations contained in paragraph 26, of the Plaintiff Time Warner Cable Complaint.

16. I (Defendant) deny the allegations contained in paragraph 27, of the Plaintiff Time Warner Cable Complaint.

17. I (Defendant) deny the allegations contained in paragraph 28, of the Plaintiff Time Warner Cable Complaint.

## **AS AND FOR A FIRST CLAIM**

18. I (Defendant) deny the allegations contained in paragraph 44, of the Plaintiff Time Warner Cable Complaint.

19. I (Defendant) deny the allegations contained in paragraph 45, of the Plaintiff Time Warner Cable Complaint.

20. I (Defendant) deny the allegations contained in paragraph 46, of the Plaintiff Time Warner Cable Complaint.

21. I (Defendant) deny the allegations contained in paragraph 47, of the Plaintiff Time Warner Cable Complaint.

22. I (Defendant) deny the allegations contained in paragraph 48, of the Plaintiff Time Warner Cable Complaint.

23. I (Defendant) deny the allegations contained in paragraph 49, of the Plaintiff Time Warner Cable Complaint.

24. I (Defendant) deny the allegations contained in paragraph 50, of the Plaintiff Time Warner Cable Complaint.

## AS AND FOR A SECOND CLAIM

25. I (Defendant) deny the allegations contained in paragraph 52, of the Plaintiff Time Warner Cable Complaint.

26. I (Defendant) deny the allegations contained in paragraph 53, of the Plaintiff Time Warner Cable Complaint.

27. I (Defendant) deny the allegations contained in paragraph 54, of the Plaintiff Time Warner Cable Complaint.

28. I (Defendant) deny the allegations contained in paragraph 55, of the Plaintiff Time Warner Cable Complaint.

29. I (Defendant) deny the allegations contained in paragraph 56, of the Plaintiff Time Warner Cable Complaint.

30. I (Defendant) deny the allegations contained in paragraph 57, of the Plaintiff Time Warner Cable Complaint.

31. I (Defendant) deny the allegations contained in paragraph 58, of the Plaintiff Time Warner Cable Complaint.

32. I (Defendant) deny the allegations contained in paragraph 59, of the Plaintiff Time Warner Cable Complaint.

## AS AND FOR A THIRD CLAIM

33. I (Defendant) deny the allegations contained in paragraph 61, of the Plaintiff Time Warner Cable Complaint.

34. I (Defendant) deny the allegations contained in paragraph 62, of the Plaintiff Time Warner Cable Complaint.

35. I (Defendant) deny the allegations contained in paragraph 63, of the Plaintiff Time Warner Cable Complaint.

36. I (Defendant) deny the allegations contained in paragraph 64, of the Plaintiff Time Warner Cable Complaint.

37. I (Defendant) deny the allegations contained in paragraph 65, of the Plaintiff Time Warner Cable Complaint.

## AS AND FOR A FOURTH CLAIM

38. I (Defendant) deny the allegations contained in paragraph 68, of the Plaintiff Time Warner Cable Complaint.

39. I (Defendant) deny the allegations contained in paragraph 69, of the Plaintiff Time Warner Cable Complaint.

40. I (Defendant) deny the allegations contained in paragraph 70, of the Plaintiff Time Warner Cable Complaint.

41. I (Defendant) deny the allegations contained in paragraph 71, of the Plaintiff Time Warner Cable Complaint.

42. I (Defendant) deny the allegations contained in paragraph 72, of the Plaintiff Time Warner Cable Complaint.

## AS AND FOR A FIFTH CLAIM

43. I (Defendant) deny the allegations contained in paragraph 74, of the Plaintiff Time Warner Cable Complaint.

44. I (Defendant) deny the allegations contained in paragraph 75, of the Plaintiff Time Warner Cable Complaint.

45. I (Defendant) deny the allegations contained in paragraph 77, of the Plaintiff Time Warner Cable Complaint.

## AS AND FOR A SIXTH CLAIM

46. I (Defendant) deny the allegations contained in paragraph 79, of the Plaintiff Time Warner Cable Complaint.

47. I (Defendant) deny the allegations contained in paragraph 80, of the Plaintiff Time Warner Cable Complaint.

48. I (Defendant) deny the allegations contained in paragraph 81, of the Plaintiff Time Warner Cable Complaint.

49. I (Defendant) deny the allegations contained in paragraph 83, of the Plaintiff Time Warner Cable Complaint.

## AS AND FOR A SEVENTH CLAIM

50. I (Defendant) deny the allegations contained in paragraph 85, of the Plaintiff Time Warner Cable Complaint.

51. I (Defendant) deny the allegations contained in paragraph 86, of the Plaintiff Time Warner Cable Complaint.

52. I (Defendant) deny the allegations contained in paragraph 88, of the Plaintiff Time Warner Cable Complaint.

## AS AND FOR A EIGHTH CLAIM

53. I (Defendant) deny the allegations contained in paragraph 90, of the Plaintiff Time Warner Cable Complaint.

54. I (Defendant) deny the allegations contained in paragraph 91, of the Plaintiff Time Warner Cable Complaint.

55. I (Defendant) deny the allegations contained in paragraph 93, of the Plaintiff Time Warner Cable Complaint.

## **PRAYER FOR RELIEF**

**WHEREFORE,** I Louis Puesan (Defendant), respectfully demands judgment against Plaintiff Time Warner Cable dismissing its Complaints against myself, and allow my discharges of any claims, as the court may deem just and proper.

Dated: New York, New York
June 17, 2011

                                        Respectfully submitted,

                                        Louis Puesan
                                        4395 Broadway Apt 4B
                                        New York, NY 10040
                                        (212) 537-6211

                                        Defendant

**Subject:** Puesan's Answer to TWCNYC claims
**From:** Louis Puesan <lpuesan864@earthlink.net>
**Date:** Fri, 17 Jun 2011 10:40:18 -0400
**To:** margolis@kmm.com

```
Good morning

Mr. Margolis, I am sending in PDF my answer to TWCNYC's claims against me.

Also my answer will be delivery to Hon. Judge Gerber today (June, 17th, 2011)

please replay this email to confirm you receive my answer.

Thank you.

Louis Puesan
```

| Bankruptcy Replay.pdf | **Content-Type:** application/pdf |
|---|---|
| | **Content-Encoding:** base64 |

## Prove of e-mail delivered

**Subject:** Read: Puesan's Answer to TWCNYC claims
**From:** "Margolis, Kenneth" <margolis@kmm.com>
**Date:** Fri, 17 Jun 2011 10:41:13 -0400
**To:** Louis Puesan <lpuesan864@earthlink.net>

Your message was read on Friday, June 17, 2011 10:41:13 AM (GMT-05:00) Eastern Time (US & Canada).

---

```
Final-recipient: RFC822; margolis@kmm.com
Disposition: automatic-action/MDN-sent-automatically; displayed
X-MSExch-Correlation-Key: gJz8QkzTpEizsQil8U5RmA==
Original-Message-ID: <4DFB6752.8030501@earthlink.net>
X-Display-Name: Margolis, Kenneth
```

| Part 1.2 | **Content-Type:** message/disposition-notification |
|---|---|